UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT NELSON and CLAYTON PHILLIPS on Behalf of Themselves and on behalf of All Others Similarly Situated | § § § § | CIVIL ACTION NO. _____ |
| Plaintiffs | § § § | |
| v. | § § | |
| ESG USA INC., Defendant | § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

**I.     SUMMARY**

1. Plaintiffs Robert Nelson and Clayton Phillips (hereinafter "Plaintiffs") brings this lawsuit as a collective action against Defendant ESG USA Inc. ("Defendant") for violating the Fair Labor Standards Act ("FLSA") . Plaintiff seeks to represent all similarly situated workers throughout the country who were subject to the same illegal pay practices as Plaintiff as a collective action under the FLSA.

2. In particular, Defendant knowingly and deliberately failed to compensate the Plaintiffs for their overtime hours at the rate of one and one-half times their regular rates of pay.

3. Plaintiff worked for Defendant as a wireline specialist/wireline engineer. Although Plaintiffs were paid a salary plus a day rate for each day spent in the field, However, Defendant did not pay Plaintiffs and its other wireline specialists/engineers overtime. Thus, Defendant misclassified Plaintiffs and all those similarly situated as exempt from overtime.

4. Defendant's compensation policies violate the FLSA which requires nonexempt employees, such as Plaintiff and those similarly situated, be compensated at one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. Consequently, Plaintiffs are entitled to back pay, liquidated damages, attorneys' fees and court costs.

5. Defendant implemented the same pay policies with respect to all those persons similarly situated, specifically all wireline specialists and wireline engineers. Members. Therefore, Plaintiff sues on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). He requests that the court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

6. Plaintiffs performed work for Defendant in several states, including Texas, California, Colorado, and Pennsylvania. Defendant's non-payment of overtime violates the FLSA.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 because those claims are so related to his FLSA claims that they form part of the same claims or controversy.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged, occurred in this District.

### III. PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Robert Nelson is an individual currently residing in Harris County, Texas. His written consent to this action is attached hereto as Exhibit "A."

11. Plaintiff Clayton Phillips is an individual currently residing in Washington County, Texas. His written consent to this action is attached hereto as "Exhibit B."

12. The "FLSA Class Members" are all of Defendant's current and former employees who were employed as wireline specialists or wireline engineers and did not receive overtime at the rate of time and one-half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three-year period prior to the filing of this lawsuit. These similarly situated employees are collectively referred to as "class members."

13. Defendant ESG USA Inc. is a corporation organized under the laws of Delaware and headquartered in Houston, Texas. Defendant may be served process through its registered agent CT Corporation System, 1999 Bryant St., Suite 900, Dallas, Texas 75201.

14. Defendant does business throughout Texas, including in this District.

### IV. FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

18. At all material times, Plaintiffs and Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V. FACTS

19. Defendant is an oilfield services company that provides seismic monitoring services to energy exploration companies. It provides the tools necessary to conduct monitoring activities during drilling and fracturing operations. Defendant also provides its employees to customers to operate and maintain the tools and machinery used during the drilling and fracturing operations.

20. Defendant provides its services nationwide, including in Texas, Pennsylvania, California, Colorado, and North Dakota.

21. Plaintiff Nelson was employed by Defendant from approximately July 1, 2013 to the present. Plaintiff Phillips was employed by Defendant from approximately February 11, 2013 to the present. Both Nelson and Phillips have worked for Defendant in Texas, Utah, Colorado, Ohio, Oklahoma, California, and Pennsylvania.

22. Plaintiff Nelson's job title was wireline specialist/wireline engineer. Plaintiff Phillips' job title was also wireline specialist/wireline engineer.

23. In this job, Plaintiffs worked along side field operators performing similar job duties including performing rig up/rig down work at well sites, operating and monitoring equipment at the well sites, and collecting data at the well sites. Plaintiff worked long hours outdoors, exposed to the elements.

24. The Class Members performed similar duties as Plaintiffs.

25. Plaintiffs and Class members did not supervise any other employees, had no discretionary decision making authority, had no hiring or firing authority and did not exercise discretion or independent judgment with respect to matters of significance.

26. Defendant did not pay Plaintiffs overtime at the rate of time and one-half their regular rate of pay for all hours worked over 40 in a workweek or when working more than 8 hours in a day.

27. Likewise, Defendant failed to pay the Class Members overtime at the rate of time and one-half their regular rates of pay for all hours worked over 40 in a workweek or when working more than 8 hours in a day.

28. The Plaintiffs and Class Members regularly worked more than 40 hours in a workweek and more than 8 hours in a day. In fact, working 60 hour weeks or more was common.

29. The day rate issued to the Plaintiffs and Class Members constitutes wages that must be included in the regular rate of pay for purposes of calculating overtime pay.

30  The Plaintiff and Class Members are not exempt from the overtime requirements under the FLSA.

31. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

32. No exemption exists under the FLSA that allows Defendant to deny overtime to the Plaintiffs and Class Members.

34. None of the exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiffs or the Class Members because they do not meet the primary duties test to qualify under any exemption pursuant to 29 U.S.C. § 213(a)(1).

35. The primary duty of the Plaintiffs and Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

36. The Plaintiffs and Class Members have no authority to hire or fire other employees.

37. The primary duty of the Plaintiffs and Class Members is to perform work related to Defendant's core business, not the management of the company's operations.

38. The primary duty of the Plaintiffs and Class Members does not require independent judgment or discretion.

39. The primary duty of the Plaintiffs and Class Members is not computer-systems analysts, computer programmers, software engineers, or other similar employees.

40. As a result of Defendant's pay policies, Plaintiffs and the Class Members were denied overtime pay.

41. Defendant knew or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law. In particular, Defendant is a large company that knew about the requirement to pay overtime pay. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all employees who worked as wireline specialists and/or wireline engineers or other similarly situated employees and did not receive overtime at the rate of time and one-half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three-year period prior to the filing of this lawsuit.

43. Plaintiffs have actual knowledge, through their own work experience and through interaction with his coworkers, that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

44. Class Members are similarly situated to Plaintiffs in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA.

45. Defendant's failure to pay overtime required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

46. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other wireline specialists and wireline engineer employees across Defendant's business.

47. The specific job titles or precise job responsibilities of each Class Member do not foreclose collective treatment.

48. Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

49. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

50. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

51. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

52. The class of similarly situated employees is properly defined as follows:

**The Class Members are all employees who were identified as wireline specialists or wireline engineers or such similar title and who did not receive overtime at the rate of time and one-half their regular rate of pay for all hours worked over 40 in a workweek during any week in the three-year period prior to the filing of this lawsuit.**

## VII. CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

53. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

54. This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiffs and FLSA Class Members overtime.

55. For each hour worked in excess of forty (40) each week, Plaintiffs and FLSA Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

56. By failing to pay overtime based on that formula, Defendant has violated and continues to violate the FLSA.

57. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiffs and FLSA Class Members.

58. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. JURY DEMAND

59. Pursuant to his rights under the Constitution of the United States, U.S Const. amend VII, and Fed R. Civ. P. 38(a), Plaintiffs hereby demand trial by jury.

## IX. PRAYER FOR RELIEF

60. For these reasons, Plaintiffs respectfully request that judgment be entered in favor of themselves and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages;

   c. Penalty damages and interest;

   d. Reasonable attorneys' fees, costs, and expenses of this action; and

   e. Such other and further relief to which Plaintiffs and Class Members may be entitled, both in law and in equity.

Respectfully submitted,
LAW OFFICES OF LAUREN M. SERPER, PC

By: *Lauren M. Serper*
_____
Lauren M. Serper
Texas Bar No. 18032100
Fed. Id 7334
LAW OFFICES OF LAUREN SERPER, P.C.
3405 Edloe, Suite 200
Houston, Texas 77027
(713) 278-9398 – Telephone
(713) 785-0808 – Facsimile
LOLMS1@aol.com
laurenserper@gmail.com

**ATTORNEY FOR PLAINTIFFS AND CLASS MEMBERS**